**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

JONATHAN DAYTON BELK,            )
                                 )
            Plaintiff,           )
                                 )
    v.                           )       1:10CV724
                                 )
LEWIS O. SMITH, et al.,          )
                                 )
            Defendants.          )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge sua sponte. (See Docket Entry dated Feb. 15, 2012.) For the reasons that follow, the instant action should be dismissed without prejudice.

Background

Plaintiff Jonathan Dayton Belk, proceeding pro se, filed a Complaint with this Court on September 20, 2010, against Lewis O. Smith and Larry Jones, who Plaintiff identifies as "Facility Administrator" of the "Albermarle Correctional Institution" and "Medical Doctor" at the "Piedmont Correctional Institution," respectively. (See Docket Entry 2 at 2.) Plaintiff's claims arise from what Plaintiff claims were "bogus [r]estrictions . . . put on [Plaintiff] to keep [Defendants] from giving [Plaintiff] a job [in order] to make [Plaintiff] have to max out [his] sentence," during Plaintiff's period of incarceration. (Id. at 3.) Plaintiff

contends said restrictions were put in place superficially due to Plaintiff's prosthetic leg, although many of the jobs he was denied are "jobs that [he's] held in the past with the same handicapp [sic]." (Id.)

At the time of filing his Complaint, Plaintiff also filed a Declaration and Request to Proceed In Forma Pauperis. (Docket Entry 1.) That Request was granted by this Court by way of Order of United States Magistrate Judge Wallace W. Dixon. (Docket Entry 3.) Magistrate Judge Dixon ordered that "as a condition of Plaintiff's proceeding *in forma pauperis*, Plaintiff shall . . . submit to the Clerk an initial payment of $7.33 . . . and at the same time sign and return the 'Consent to Collection of Fees From Trust Account' form" (Docket Entry 3 at 1). Magistrate Judge Dixon also directed:

> that this action be filed, but that further proceedings and service of summons be stayed until Plaintiff has either (1) submitted to the Court the sum(s) noted above along with the "Consent to Collection" form, or (2) in the alternative has submitted the "Consent to Collection" form along with a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for payment of the sum(s) noted above for the 60-day period.

(Id.)

In accordance with Magistrate Judge Dixon's Order, Plaintiff subsequently "made an initial payment of $7.33" and "applied to proceed without prepayment of fees and consented to the collection in installments of the $350.00 filing fee and any costs assessed by

this Court from [P]laintiff's Trust Account." (Docket Entry 7 at 1.) On November 2, 2011, United States Magistrate Judge P. Trevor Sharp ordered that "the Clerk shall send [P]laintiff a summons for each [D]efendant named in the [C]omplaint." (Id. at 3.) He further directed that "Plaintiff must fill out a summons for each [D]efendant, including an address suitable for service, and then return the summons(es) to the Clerk" (id.) and warned: "Failure to provide an address wherein service may be made on any [D]efendant will result in the dismissal of the action as to all unserved [D]efendants after 120 days from the filing of the [C]omplaint" (id. (citing Fed. R. Civ. P. 4(m))).

Despite the Court's warnings, the record reflects that Plaintiff has failed to fill out a summons for each Defendant as directed by Magistrate Judge Sharp, or, in fact, taken any further steps to pursue his claims. (See Docket Entries dated Nov. 2, 2011, to present.)

## Discussion

The instant action warrants dismissal pursuant to both Fed. R. Civ. P. 4(m) for failure to serve Defendants and Fed. R. Civ. P. 41(b) for failure to comply with a Court order.

The relevant language of Fed. R. Civ. P. 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court

> must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

At present, more than 120 days have passed since Plaintiff filed his Complaint and since Magistrate Judge Sharp issued his Order lifting the stay imposed by Magistrate Judge Dixon and warning Plaintiff that "[f]ailure to provide an address wherein service may be made on any [D]efendant will result in the dismissal of the action as to all unserved [D]efendants after 120 days from the filing of the [C]omplaint" (Docket Entry 7 at 3 (citing Fed. R. Civ. P. 4(m))). Plaintiff has provided no explanation to this Court for his failure to serve Defendants, much less made any showing of good cause for his failure to comply with Fed. R. Civ. P. 4(m). Given the complete lack of attention paid to these matters, no grounds exist for this Court to enter an "order that service be made within a specified time," Fed. R. Civ. P. 4(m), rather than dismissing the action at hand.

Moreover, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, [Plaintiff] failed to respond to a specific directive from the court." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Accordingly, the Court should dismiss this action based on Plaintiff's failure to comply with the Court's Order

-4-

directing him to provide a proper address for service on Defendants.

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action based on a party's failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Plaintiff bears sole responsibility for the instant non-compliance, the delay cause by Plaintiff's non-compliance prejudices Defendants' right to adjudication when memories remain fresh, Plaintiff has had adequate time to submit properly-completed summons forms, and no other sanction appears feasible or sufficient.

In fact, as noted, the Court previously warned Plaintiff that "[f]ailure to provide an address wherein service may be made on any [D]efendant will result in the dismissal of the action . . . ." (Docket Entry 7 at 3.) In assessing the propriety of dismissal as a sanction, an "explicit warning that a recommendation of dismissal would result from failure to obey [an] order is a critical fact . . . ." Ballard, 882 F.2d at 95. Indeed, "[i]n view of the warning, the [Court] ha[s] little alternative to dismissal. Any

directing him to provide a proper address for service on Defendants.

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action based on a party's failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Plaintiff bears sole responsibility for the instant non-compliance, the delay cause by Plaintiff's non-compliance prejudices Defendants' right to adjudication when memories remain fresh, Plaintiff has had adequate time to submit properly-completed summons forms, and no other sanction appears feasible or sufficient.

In fact, as noted, the Court previously warned Plaintiff that "[f]ailure to provide an address wherein service may be made on any [D]efendant will result in the dismissal of the action . . . ." (Docket Entry 7 at 3.) In assessing the propriety of dismissal as a sanction, an "explicit warning that a recommendation of dismissal would result from failure to obey [an] order is a critical fact . . . ." Ballard, 882 F.2d at 95. Indeed, "[i]n view of the warning, the [Court] ha[s] little alternative to dismissal. Any

directing him to provide a proper address for service on Defendants.

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action based on a party's failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Plaintiff bears sole responsibility for the instant non-compliance, the delay cause by Plaintiff's non-compliance prejudices Defendants' right to adjudication when memories remain fresh, Plaintiff has had adequate time to submit properly-completed summons forms, and no other sanction appears feasible or sufficient.

In fact, as noted, the Court previously warned Plaintiff that "[f]ailure to provide an address wherein service may be made on any [D]efendant will result in the dismissal of the action . . . ." (Docket Entry 7 at 3.) In assessing the propriety of dismissal as a sanction, an "explicit warning that a recommendation of dismissal would result from failure to obey [an] order is a critical fact . . . ." Ballard, 882 F.2d at 95. Indeed, "[i]n view of the warning, the [Court] ha[s] little alternative to dismissal. Any

other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id. at 96.

### Conclusion

Plaintiff has failed to serve any Defendant in this action within 120 days of either filing his Complaint or Magistrate Judge Sharp's Order directing him to do so and has offered no explanation to the Court for that shortcoming despite the Court's warning that said failure would lead to dismissal.

**IT IS THEREFORE RECOMMENDED** that the Court should dismiss the instant action, without prejudice.

／s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date:  April 11, 2012