IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JONATHAN DAYTONA BELK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:10CV724 |
| ) | |
| LEWIS O. SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Larry Jones's Motion for an Order Requiring Production of Plaintiff's Social Security Administration Disability Records. (Docket Entry 38.) For the reasons stated below, the Court will deny Defendant Jones's instant Motion.

## BACKGROUND

The Court has previously given the background to this case in its Memorandum Opinion and Recommendation (Docket Entry 34 at 1-3), but, relevant to the instant Motion, Plaintiff alleges that, despite his ability to work, Defendants denied him the opportunity during his incarceration at Albermarle Correctional Institution in violation of the Rehabilitation Act (Docket Entry 2 at 2). Defendant Jones, in turn, claims that, after Plaintiff left prison, the Social Security Administration ("SSA") notified the North Carolina Department of Public Safety that Plaintiff had applied for social security disability benefits. (Docket Entry 39-2 at 1.) Further, the SSA requested the release of Plaintiff's medical records from his time in prison. (Id.) Defendant Jones believes

that Plaintiff's request for disability benefits undermines Plaintiff's claims in this lawsuit, and that the SSA records could defeat Plaintiff's claims. (Docket Entry 39 at 4-5.) Because federal law prohibits Defendant Jones from unilaterally obtaining the SSA records, Defendant Jones's instant Motion asks this Court for an Order requiring the SSA to produce them. (Id. at 3-4). Plaintiff has not responded. (See Docket Entries dated Aug. 19, 2014, to present.)[1]

## **DISCUSSION**

The Privacy Act states that, unless an enumerated exception applies, "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency." 5 U.S.C. § 552a(b). One such exception provides that a party may request its own records from an agency, or may give consent for another party to obtain such records. Id. Absent consent, a party can obtain records from an agency if a court of competent jurisdiction issues an order. 5 U.S.C. § 552a(b)(11). The SSA promulgated rules to address requests made pursuant to court order. 20 C.F.R. § 401.180. Section 401.180(e) provides for mandatory disclosure of SSA records ordered disclosed by a court if:

---

[1] This Court's Local Rule 7.3(k) states that failure to respond to a motion will normally result in its granting as a matter of course. Good reason exists to depart from that general rule under the circumstances presented.

2

> (1) another section of this part specifically allows such disclosure, or
>
> (2) SSA, the Commissioner of Social Security, or any officer or employee of SSA in his or her official capacity is properly a party in the proceeding, or
>
> (3) disclosure of the information is necessary to ensure that an individual who is accused of criminal activity receives due process of law in a criminal proceeding under the jurisdiction of the judicial branch of the Federal government.

If the court-ordered request does not fall within one of these three categories, then the SSA has discretion in determining whether and how to disclose the requested information. 20 C.F.R. § 401.180(f).

Defendant Jones concedes that his request does not fall within the automatic disclosure provisions of the regulations, meaning Section 401.180(e) does not apply. (Docket Entry 39 at 4.) Therefore, Defendant Jones relies on the discretionary provision, Section 401.180(f), in order to obtain Plaintiff's SSA records. (Id.) Defendant Jones requests that the Court enter an order pursuant to Section 401.180(f) requiring the SSA to turn over the SSA records under seal for an *in camera* review. (Id. at 5.) Defendant Jones further suggests that, if the SSA records do not warrant immediate dismissal of the case under 28 U.S.C. § 1915(e)(2), then the Court could enter a protective order and disseminate the records to Defendant Jones to use in preparing a motion for summary judgment. (Id.)

After careful review of Defendant Jones's instant Motion, the Court feels compelled to deny it at this time. As an initial matter, the Supreme Court has held that an application for social security disability benefits does not necessarily preclude an Americans with Disabilities Act ("ADA") claim. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 802-03 (1999) (observing that social security disability and ADA serve different purposes and that claims for both "can comfortably exist side by side").[2]

Further, Defendant Jones can seek information related to Plaintiff's disability claim using the standard tools of discovery. Via requests for admission, Defendant Jones can ask Plaintiff to admit that he submitted a claim for disability after leaving prison. Via a request for production of documents, Defendant Jones could request from Plaintiff a copy of his SSA disability application.[3] In addition, Defendant Jones may depose Plaintiff

---

[2] As Defendant Jones helpfully points out in his brief (Docket Entry 39 at 4 n.4), courts routinely use the same analysis to evaluate Rehabilitation Act and ADA claims, see Doe v. University of Md. Med. Sys. Corp., 50 F.3d 1261, 1265 n.9 (4th Cir. 1995); therefore, one would expect the Supreme Court's cited analysis to apply to Plaintiff's Rehabilitation Act claim.

[3] Even if Plaintiff no longer possesses a copy of his SSA records, Defendant Jones arguably has a claim that the SSA records fall under Plaintiff's control. Federal Rule of Civil Procedure 34(a) states "[a] party may serve on any other party a request within the scope of Rule 26(b)[] to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control[] any designated documents . . . ." The courts have typically given the phrase "possession, custody, or control" a broad reading. See 8B Charles Alan Wright, et al., Federal

4

about his disability application or disability. Alternative avenues of this sort may provide Defendant Jones the information he needs without resort to an order requiring the SSA to produce records.

Requiring Defendant Jones to pursue such alternatives serves the recognized purpose of protecting non-parties from unnecessary discovery burdens. See Haworth, Inc. v. Herman Miller, Inc., 998 F.2d 975, 978 (Fed. Cir. 1993) (holding that a district court did not err in requiring a party to seek discovery from its opponent before seeking it from a nonparty); see also Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980) (permitting broader discovery restrictions as to requests directed

---

Practice and Procedure § 2210 (3d ed. 2010) (citing cases). Notably, courts have understood a party to have control over a document when a "party has the right, authority or ability to obtain those documents upon demand." Green v. Fulton, 157 F.R.D. 136, 142 (D. Me. 1994); see also, In re NTL, Inc. Sec. Litig., 244 F.R.D. 179, 195 (S.D.N.Y. 2007) (citing cases). The SSA grants individuals access to their own records upon request. 20 C.F.R. § 401.150. Therefore, Defendant Jones could argue that Plaintiff would have to produce his SSA records pursuant to a request for production of documents. Moreover, other jurisdictions have upheld court orders requiring a party to sign a release for the production of the SSA records. See Rodriguez v. IBP, Inc., 243 F.3d 1221, 1230 (10th Cir. 2001) (upholding an order requiring a party to sign a release); Nelson v. Acosta-Corrales, No. 12-1419-JAR, 2013 WL 5291958, at *3 (D. Kan. Sept. 19, 2013) (unpublished) (issuing an order requiring a party to sign a release); Santillan v. City of Reedley, No. 1:07-cv-00391 AWI-SMS, 2008 WL 62180, at *2-3 (E.D. Cal. Jan. 4, 2008) (unpublished) (same). The question of whether this Court would adopt the foregoing positions must remain for another day, but the existence of the cited authority indicates that Defendant Jones possesses other possible means for obtaining the information in question.

to non-parties); Collins & Aikman Corp. v. J.P. Stevens & Co., 51 F.R.D. 219, 221 (D.S.C. 1971) ("There appear to be quite strong considerations indicating that the discovery would be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents."). These same considerations apply when a party seeks discovery from the federal government as a non-party. See In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affairs, 257 F.R.D. 12, 19 (D.D.C. 2009) (refusing to issue a subpoena against a federal agency when the requesting party had not shown the information was otherwise unobtainable from its opponent). In other words, prudence dictates that Defendant Jones should seek the relevant information from Plaintiff before asking this Court to order the federal government to turn over the requested records.

## **CONCLUSION**

In sum, Plaintiff's simultaneous pursuit of a Rehabilitation Act claim and social security disability claim does not render his Rehabilitation Act claim per se suspect. Furthermore, Defendant Jones has alternative methods to obtain relevant information regarding Plaintiff's social security disability claim. If those alternative methods fail, then Defendant Jones may make an appropriate motion.

As a final matter, recent action by the assigned District Judge (see Docket Entry 40) renders this case ripe for the entry of

6

a scheduling order.  Because Plaintiff proceeds pro se, the Court exercises its discretion to establish a scheduling order without holding an Initial Pretrial Conference.  M.D.N.C. LR 16.1(a).

**IT IS THEREFORE ORDERED** that Defendant Jones's Motion for an Order Requiring the Production of Plaintiff's Social Security Administration Disability Records (Docket Entry 38) is **DENIED**.

**IT IS FURTHER ORDERED** that this case shall proceed on the Standard case-management track with the modification that discovery will end on April 6, 2015.

**IT IS FURTHER ORDERED** that the parties shall file any motion seeking leave to amend the pleadings or join parties by November 6, 2014, and the parties shall serve any disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) & (C) by February 6, 2015.

**IT IS FURTHER ORDERED** that, to assist Plaintiff in meeting his obligation to litigate this case, the Clerk shall send Plaintiff a copy of the Civil Rules portion of this Court's Local Rules and of Federal Rules of Civil Procedure 6, 7, 10, 11, 26, 29, 30, 31, 33, 34, 36, 45, 56, and 72, as well as Forms 1, 2, 50, and 51.

                                                /s/ L. Patrick Auld
                                                   **L. Patrick Auld**
                              **United States Magistrate Judge**

October 6, 2014