IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONATHAN DAYTONA BELK,            )
                                  )
            Plaintiff,             )
                                  )
      v.                          )         1:10CV724
                                  )
LEWIS O. SMITH, et al.,           )
                                  )
            Defendants.            )

**ORDER AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on Defendant Larry Jones's Notice of Request for Fee Award Pursuant to Court's Order of March 3, 2015 (Docket Entry 46) and on his Motion to Dismiss for Failure to Comply with Court Order and Motion to Dismiss for Failure to Prosecute (Docket Entry 49). Plaintiff has not responded. (See Docket Entries dated Mar. 16, 2015, to present.) The Court will grant Defendant Jones's request for attorney's fees and costs. Moreover, the undersigned will recommend that the Court dismiss this case with prejudice.

As to Defendant Jones's Notice of Request for Fee Award Pursuant to Court's Order of March 3, 2015, this Court previously granted Defendant Jones's Motion to Compel, and, in doing so, ordered him to file a notice of his claimed costs and expenses associated with that Motion. (Docket Entry 45.) Defendant Jones filed the notice, and has claimed $548.30 as the total amount of costs and expenses associated with the Motion to Compel. (Docket Entry 46.) Plaintiff has not objected to the reasonableness of the

amount claimed by Defendant Jones.  (See Docket Entries dated Mar. 16, 2015 to present.)  Accordingly, based on the Court's own review of the reasonableness of Defendant Jones's claimed costs and expenses, the Court will order Plaintiff to pay Defendant Jones $548.30 by May 26, 2015.

As to Defendant Jones's Motion to Dismiss for Failure to Comply with Court Order and Motion to Dismiss for Failure to Prosecute, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders.  Fed. R. Civ. P. 41(b)."  Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Accordingly, the Court should dismiss this action based on Plaintiff's failure to comply with the Court's Order to respond to Defendant Jones's discovery requests.

In making this recommendation, the undersigned recognizes that "dismissal is not a sanction to be invoked lightly."  Id. Typically, before dismissing an action based on a party's failure to comply with a court order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal."  Id. Applying these factors demonstrates that dismissal represents the

only plausible course of action.  First, Plaintiff bears sole responsibility for his failure to comply with the Court's Order to respond to Defendant Jones's discovery requests.[1]  Second, Defendant Jones has suffered significant prejudice by Plaintiff's failure to respond to the discovery requests.  The purpose of discovery "is to disclose all relevant and material evidence before trial in order that the trial may be an effective method for arriving at the truth and not 'a battle of wits between counsel.'" Guilford Nat'l Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921, 924 (4th Cir. 1962) (quoting Hickman v. Taylor, 329 U.S. 495, 516 (1947)) (Jackson, J., concurring)).  By depriving Defendant Jones of responses to discovery requests, Plaintiff would have Defendant Jones proceed to trial ignorant of Plaintiff's claims and the facts supporting those claims.

Third, Plaintiff has continued to refuse to respond to motions or discovery requests in this case.  It appears that Plaintiff's last contact with this Court occurred on June 13, 2013.  (See Docket Entry 25.)  The Clerk's Office has sent Plaintiff numerous notices through the mail, and the United States Postal Service has

---

[1] Plaintiff's pro se status does excuse his failure to follow the Court's Order.  See Craft v. Astrue, No. 1:10CV9, 2012 WL 6569021, at *1 (M.D.N.C. Dec. 17, 2012) (unpublished) ("Pro se litigants are not held to the same high standards as attorneys. Pro se litigants must, however, meet certain standards, including 'respect for court orders without which effective judicial administration would be impossible.'" (internal citations omitted) (quoting Ballard, 882 F.2d at 96)).

not returned any of those notices as undelivered. Furthermore, the docket does not contain any information that Plaintiff has contacted the Clerk's Office regarding his case. Accordingly, the undersigned finds that Plaintiff has continuously and willfully failed to respond and has "deliberately proceeded in dilatory fashion," Ballard, 882 F.2d at 95, in handling the litigation of this case.

Fourth, and finally, dismissal represents the only justifiable sanction in this case. In that regard, the undersigned notes that any lesser sanctions would not cure the prejudice faced by Defendant Jones. Furthermore, the Court previously warned Plaintiff that his failure to comply with the Order could result in the dismissal of this action. (Docket Entry 45 at 3 ("Failure by Plaintiff to comply with this Order may result in the imposition of sanctions, including dismissal of this action.").) In assessing the propriety of dismissal as a sanction, an "explicit warning that a recommendation of dismissal would result from failure to obey [an] order is a critical fact . . . ." Ballard, 882 F.2d at 95. Indeed, "[i]n view of the warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id. For these reasons, the undersigned

4

recommends that the Court grant Defendant Jones's Motion to Dismiss for Failure to Comply with Court Order and Failure to Prosecute.[2]

**IT IS THEREFORE ORDERED** that Defendant Jones's Notice of Request for Fee Award Pursuant to Court's Order of March 3, 2015 (Docket Entry 46) is **GRANTED.** Plaintiff is ordered to pay Defendant Jones $548.30 by May 26, 2015.

**IT IS RECOMMENDED** that Defendant Jones's Motion to Dismiss for Failure to Comply with Court Order and Motion to Dismiss for Failure to Prosecute (Docket Entry 49) be granted and this action be dismissed with prejudice.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 11, 2015

---

[2] Defendant Jones argues in the alternative that Plaintiff's case should be dismissed for failure to prosecute. (Docket Entry 50 at 6-8.) Because Plaintiff's failure to follow a court order provides a sufficient basis to dismiss the case, the undersigned will not address this alternative argument.

5